## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| RENEE H. BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| MIDDLE GEORGIA REGIONAL | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Renee H. Bumpus, and hereby submits her Complaint against the above named Defendant on the following grounds:

## JURISDICTION

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 1331 and 1337. Plaintiff asserts claims for disability discrimination, denial of a reasonable accommodation and retaliation for Plaintiff's complaints of disability discrimination, pursuant to the Americans with Disabilities Act, as amended 42 U.S.C. § 12101, et seq. ("ADAAA"), as well as a claim for retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

- 1 -

2.

Plaintiff timely filed a Charge of Discrimination against Defendant Middle Georgia Regional Commission, (hereinafter, "Defendant" or "the Commission"), with the Equal Employment Opportunity Commission on January 7, 2016, and received a "Notice of Right To Sue" on April 12, 2016.  The Charge served to provide notice of the Charge to Defendant, and Defendant was afforded an opportunity to participate in the investigation and conciliation of this Charge.  This action is filed within ninety days of Plaintiff's receipt of the "Notice of Right to Sue".

**VENUE**

3.

Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 as the Defendant resides in the Middle District of Georgia, Macon Division, and the claims arose within the district and division of the Court.

**PARTIES**

4.

Plaintiff Renee H. Bumpus, ("Plaintiff" or "Bumpus"), is a resident of the State of Georgia and is entitled to bring actions of this type and nature.

5.

Defendant is a regional planning and development agency which serves the communities of Central Georgia. It is a body corporate with the power to sue and be sued, and is subject to actions of this kind and nature. The Commission may be served, pursuant to Fed. R. Civ. P. 4, by service on its chief executive officer; or pursuant to O.C.G.A. § 9-11-4(e)(5).

## FACTUAL ALLEGATIONS

6.

Plaintiff began working for Defendant on December 16, 2014 as a Business Services Specialist in the Department of Workforce Development.

7.

Ms. Bumpus has several illnesses that affect her way of life and are classified as disabilities under the ADAAA: Systemic Lupus, Chronic Rheumatoid Arthritis and Hypertension/TIA.

8.

On June 17, 2015, Ms. Bumpus went into a full crisis with her disability while at work, and was rushed to the Emergency Room. She was admitted to the hospital that same night.

9.

Ms. Bumpus submitted documents in order to take FMLA leave due to the seriousness of her disability. One of her supervisors, Ms. Davis, questioned Plaintiff's doctor's excuse to take leave and her doctor's medical judgment related to her condition.

10.

Plaintiff's doctor originally had her return in July, but extended his care until September 4, 2015.

11.

While Ms. Bumpus was on medical leave, she was harassed by Defendant. Defendant even threatened to cancel her health insurance in August 2015.

12.

When Ms. Bumpus tried to return to work after being released by her doctor, one of her supervisors told her that "she would think about her request" and was then placed on unpaid leave.

13.

On September 23, 2015, Defendant terminated her employment.

## SUBSTANTIVE ALLEGATIONS

## COUNT ONE
## DISABILITY DISCRIMINATION PURSUANT TO THE AMERICANS
## WITH DISABILITIES ACT, AS AMENDED

14.

Defendant was Plaintiff's employer as defined in Title I of the Americans with Disabilities Act, as amended.

15.

Plaintiff is an individual with a disability as defined in the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973, in that (A) she has a physical impairment that substantially limits one or more major life activities; (B) has a record of such an impairment; and/or (C) was regarded by Defendant as having such an impairment.

16.

Defendant regarded Plaintiff as having a disability or disabilities, as defined in 42 U.S.C. § 12102(2).

17.

Plaintiff was, with or without reasonable accommodation, capable of performing the essential functions of her job.

18.

Defendant's actions constituted discrimination on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., thus entitling Plaintiff to all appropriate relief provided under the statute.

19.

Defendant's actions in terminating Plaintiff's employment were based on pretextual reasons, and has caused Plaintiff emotional distress and suffering.

20.

Defendant's actions in terminating Plaintiff's employment has caused Plaintiff financial harm, including the loss of her pay and benefits of employment.

21.

Defendant's actions were willful, wanton, and intentionally directed to harm Plaintiff.

22.

Defendant's actions were reckless and taken in willful disregard of the probable consequences of its actions.

23.

As Defendant's conduct was willful and deliberate, Plaintiff is entitled to all relief afforded under the statute, including the award of punitive damages against

Defendant in an amount to be determined in the enlightened conscience of the jury.

## COUNT TWO
## FMLA RETALIATON

24.

The FMLA entitles eligible employees to take up to twelve (12) work weeks of leave during any twelve (12) month period because of "a serious health condition."

25.

The FMLA prohibits retaliation against an employee because he or she has taken or requested leave protected by the FMLA or has otherwise exercised or asserted rights under the FMLA.

26.

Ms. Bumpus has a serious health condition, which was known to Defendant, and she properly used FMLA leave to obtain treatment for and recover from her condition.

27.

The FMLA requires an employer to allow an employee to return to the same position as the employee had before taking medical leave. Defendant improperly refused to allow Ms. Bumpus to return to her position after she took FMLA leave.

28.

Defendant retaliated against Ms. Bumpus by terminating her employment shortly after she took FMLA leave.

29.

As a result of Defendant's actions complained of herein, Plaintiff lost back wages, health and other benefits, as well as the entitlement to continued employment.

**WHEREFORE**, Plaintiff prays that this Court:

(a)    Take jurisdiction of this matter;

(b)    Permanently enjoin Defendant from future discriminatory acts relative to discrimination based on gender and/or disability and for opposing disability discrimination;

(c)    Enter a judgment that Defendant's conduct violated the ADAAA and the FMLA;

(d)     Award Plaintiff front pay;

(e)    Award Plaintiff liquidated damages in an amount equal to any back pay awarded;

(f)    Award Plaintiff back pay and lost benefits resulting from Defendant's unlawful discrimination and tortious conduct;

(g)     Award Plaintiff pre-judgment interest;

(h)     Award Plaintiff compensatory damages in an amount to be determined in the enlightened conscience of the jury to compensate Plaintiff for the mental and emotional distress she has suffered a result of Defendant's discriminatory and retaliatory conduct;

(i)     Award Plaintiff punitive damages against Defendant in an amount to be determined in the enlightened conscience of the jury to punish Defendant for their willful violation of Plaintiff's federal rights and deter such conduct in the future;

(j)     Award Plaintiff nominal damages;

(k)     Award Plaintiff her costs and expenses of this action, including reasonable attorney's fees as authorized by 42 U.S.C. §§ 1988 and 2000e, and the ADAAA;

(l)     Grant a trial by jury; and

(m)     Award such other and further relief as the Court deems just and proper.


Respectfully submitted, this 7th day of July, 2016.

                                        /s/ Meredith J. Carter
                                        Meredith J. Carter
                                        Georgia Bar No. 325422

M. CARTER LAW LLC
2690 Cobb Parkway
Suite A5-294
Smyrna, Georgia 30080
T: (404) 618-3838
meredith@mcarterlaw.com